May it please the court, my name is Scott Staffney and I represent the Mickelsons who are seated here and with me is my partner. This case is about whether the defendants have complied with the procedures of the Deed of Trust Act when they sold my client's home. It's basically a highly factual case. One of the first issues you're going to have to get to is whether the act applies at all. We argue that it doesn't apply. The other side argues the act does apply, and because it applies and because the Mickelsons did not go to court and pursue an injunction, they've waived any right to a remedy. Well, isn't that a crucial fact that you had the opportunity to seek an injunction and no injunction was sought? No, Your Honor. Actually, they were told by the trustee to talk with supposedly who was the beneficiary. And I'd like to reserve five minutes. You may do so. Okay. So they were told to talk to the beneficiary. Now, we don't concede Chase was the beneficiary, so they talked to Chase the beneficiary. Chase the beneficiary, after telling them not to pay their Chase was administering the loan on behalf of the beneficiary. Chase was a subservicer, and that's Chase Home. J.P. Morgan Chase was the actual servicer. But in any event, my clients were told by RCO and the trustee to talk with Chase about the foreclosure. So that's what they did. Then Chase told them to stop making their payments, as I'm sure you've heard in numerous other cases was the way they did things. And then before the foreclosure, when they had time to bring an action, Chase told them, don't worry about it. We've canceled it. I don't remember that in the excerpts, was it there? Yes, it is, Your Honor. The first time, but then they No, they did the second time, too. And it's in the The facts are put out in the Counsel, please keep close to the microphone. The facts are set out at ER 307 to 321, and in appendix 356 through 365 of the complaint, and in Danielle Nicholson's declaration at 152 through 175. So in any event, they were told by the, quote, beneficiary that they should, that the sale was off, and then they find out the sale took place and they say the beneficiary told them, well, sorry, we had to go through with the sale because the owner told us to. Well, that's problematic because, as you know from Bain, the whole purpose of our deed of trust statute, it's different than the judicial foreclosure statute, is so that people have an opportunity to kind of resolve these things. Are you saying that Bain applies or doesn't apply? Bain does not apply, and it doesn't apply because of footnote six. This case is like Cox v. Schroeder. Cox was also an eviction case. And in Cox v. Schroeder, the court found that RCW 61.24.030, I think it's four or five, that the deed wasn't secured, and because it wasn't secured, therefore the requisites of the deed of trust act were not met. But this was secured. Footnote six of what? Of Bain. Of what? Bain. Bain? Yes. You began by saying that this is all very confusing. Your first sentence was that the DTA doesn't apply. Right. Why? Can you explain why? Because if you look at RCW 61.24.0308L, they concede that they did not comply with that provision. And you can see that they haven't complied with it by simply looking at ER 93-97. Now, that's a requirement in the deed of trust to identify the owner of the note and the servicer. Well, now, Chase held the note ever since 2006. Do you agree with that? I don't know that I agree with that, but I'm willing to accept that for now, yes. But there's a difference between judicial foreclosure and nonjudicial foreclosure. I was going to get to this more in the The usual difference between the two in deed of trust states is that with nonjudicial foreclosure, the creditor can't get a deficiency judgment, and with judicial foreclosure, the creditor can get a deficiency judgment. I don't really see the materiality of that to what we're discussing here about the propriety of the sale of the home when they didn't pay the mortgage. Well, Your Honor, you have to go to page 104 of the Boehm decision, and there the court rejects the analysis that this court made in the Chevron Tuesday Country, but also Horvath, the Bank of New York. And that was a notice case just like this. And in that case, they said all you have to be is the holder. And I thought that's specifically what the law is in Washington at this point. No, that's what the federal courts have held specifically. There's been no state court that has held that. That's one of the reasons why I've urged you certify that. These are the various statutes that are at issue right now. One regarding 0103, they say that the provision that says you cannot have a fiduciary interest to anyone doesn't mean what it says. It just means that they don't have to have a fiduciary duty to the borrower. They claim they can have a fiduciary duty to someone else. 0104, the duty of good faith is resolved by Klem. Respectfully, Judge Peckman's decision is in violation of the duty of good faith imposed by Klem. RCW 61240307 is another one in which the federal courts, district courts' decisions are mixed. It says, and you have the legislative history, that before beginning a foreclosure, a trustee must have proof that the beneficiary is the owner of the deed of trust. And in the lower court, they argued that the legislature had made a mistake. But I've given you the legislative history that shows that the legislature struck the word holder and put in owner. Now, why did they do that? I submit precisely so what happened here did not happen. The beneficiary, supposed beneficiary, said, we're not going to foreclose on you. Yet they did foreclose, and they said, oh, sorry, we're just the beneficiary. The owner said to go do it. Well, our deed of trust is structured so you're supposed to have access to that owner. I thought what happened was that the servicer kept making interim agreements subject to payment and subject to the note holder's approval, and both conditions kept failing. The payments kept not being made in accord with the agreement, and the holder kept saying this isn't satisfactory. Well, that's not in the complaint, and that's not in the facts. And I agree with you, there may well be a dispute of facts, but what my client alleged was she was given some documents that said, hey, we're going to go forward. You should call our CO and call the trustee and not rely on it. And then when she called, she was told, don't worry about anything. So I think that's the kind of thing that's going to happen.  I think it's going to be a big deal, and I think things just will work things out. I looked at the complaint, and I thought it was there. The fact that there were a couple of failed agreements because the deadlines were not met or it's not sufficiently incorporated in the complaint, the documents, that we can look at them. No, they are. I mean, there's pages and pages. That that is the issue was they wrote to them and they said, here's the deal, and you have to pay by such and such a day to sign this, and then they didn't. What they my client stated in the complaint and in the declaration that What is the part of what she stated in the complaint. It's a summary judgment and not 12b-6. Well, part of it is part of it it was dismissed against some people in the motion In the case of both Eris and Countrywide would apply by Judge Kaczynski. On the matter of summary judgment, to the extent she's resolving facts, and by she I'm referring to Judge Heckman, against my client, she can't do that. There were letters that said, here's the agreement, you have to get back to me by X date, and then they didn't. Well, my client testified that all during the time she was talking with these people, she was talking with Chase, who she had been directed to talk to. Now, a jury may not believe that. The letters were from Chase, were they not? Yeah, it was her book. She was talking to Chase, but she still didn't fulfill the condition. Well, but she was told she didn't have to fulfill the condition. I mean, it's going to depend on who the jury believes. If you read her declaration and conclude that that's clear, then surely a summary judgment is appropriate. But if you read her declaration and conclude it's not clear, and that she was being deceived, I mean, she was told the reason she didn't file a motion to enjoin was because she was told she didn't have to. Counsel, you're down to close to four minutes. It's your choice to. No, I just didn't stop. Thank you. All right, very well. You will reserve your remaining time. We'll hear from Chase. Good morning, Honors. May it please the Court. My name is Fred Burnside. With me is Becky Francis with Davis RetroMaine. Here representing Chase, Merz, and Freddie Mack. Are you going to allocate within your time? Seven minutes for me, seven minutes for Mr. Olson. You control your time, but your total does not exceed 15. Understood. All right, very well. So, Your Honor, what I want to do this morning with my limited seven minutes is three basic things. I want to address some of the facts that Mr. Staffney just raised. I want to explain why plaintiffs did, in fact, waive their claims and why the Deed of Trust Act does apply. And I want to explain why Chief Judge Peckman got it exactly right in dismissing. Is there a genuine issue of fact about whether Chase told her she didn't have to pay or send warrants in on the phone? No, and I direct your Honor's attention to excerpts of records 364 and 365. And what it says there is it has the timeline. And what happened is they defaulted first in 2008. Chase considered them for modifications for two and a half years. Chase sent them a loan modification. And notably, and a point I want to emphasize is in that letter, including the modification in 2009, it said the investor has approved your request for loan modification. So they knew there was an investor on the loan in 2009. But as your Honor discussed, they failed to timely submit the loan modification agreement back to them, the forbearance agreement, the trial agreement. Did that happen twice? It happened three times. And ultimately what happened is the sales rescheduled for 2010, originally December 2010. They said, give us another chance. And so they applied for modification again. So Chase considered them again and put off the sale from December to January, January to February. And if you look at excerpt record 364 and 365, it's very clear. They say, yes, in February 2010, Judy said the foreclosure is currently inactive. Send us some more documents. So they send them more documents. Finally, Chase has all the documents it needs after two and a half years to make a decision. And then they concede, and this is at 365, paragraph 3.5259, that they got a notice saying the sale is back on for March 25, 2011. At no point after that notice did anyone ever tell them the sale wasn't back on. And, in fact, the deed of trust at paragraph 12 expressly states, our decision to forbear from immediately foreclosing, to concede from modification, is not a waiver of our right to jump back in and do it again. Yes, they were told it was put off and put on hold, but as of February 18th they got notice saying this sale is going on next month, and they did nothing to stop the sale. If you will indulge me, does this bear? I don't understand what it means to say there's a question whether the DTA applies. I think Mr. Staffney, and I don't know either, exactly what he's getting at. Maybe his question is whether the Deed of Trust Act is constitutional. I'm not really sure because he had this motion to certify. But you just began, too, by saying, and therefore DTA applies. What do you mean by that? I'm sorry. The Deed of Trust Act would apply in this instance because they had a promissory note, secured by Deed of Trust, recorded in the land records, that was being foreclosed non-judicially. Right. So therefore it applies. Absolutely. I mean, it may not come out one way or another way, but it applies. Absolutely. I think it absolutely applies. And, you know, I would note, I want to turn, you know. Incidentally, just as a sidebar, what is the basis for jurisdiction in this case? It's certainly not diversity. It's federal question, Your Honor. He specifically alleged federal question jurisdiction. And all we've been talking about is state law. There was an FDCPA claim, Fair Debt Collection Practices Act claim, that he pleaded. And on appeal he doesn't appear to, he has one sentence that cites nothing in support of overruling Judge Peckman's decision on that. It seems to be 99% of this case is state law. A lot of it was, in fact, state law, Your Honor. I don't know if Your Honor is getting to the certification question. But even the certification question is a question of Washington state constitutional law. Absolutely. And so, yes, an issue he never raised below, never raised in the briefing, didn't give notice to this Court under Rule of Appellate Procedure 44.1, didn't give notice to the AG. The Court has no jurisdiction to even consider the issue, let alone certify it. But beyond that, you know, I want to speak to some of the other statements that Mr. Staffrey made, because some of them just ain't true. In his complaint, he's, the plaintiff specifically alleged. I have a question. The Holder-Owner question. The statute does say owner. Correct. So where are we getting to Holder? Because two things, Your Honor. One is the first one is the statute. And here it seems to matter. They're all different. Here, the definition section of the deed of trust act defines the beneficiary as holder. It does not mention owner. That provision was added in 1998. In 2009, the legislature amended the statute to say, you know what, we want to have the trustee have some evidence this is the right person foreclosing. So it said, you know, you can be, we want to have evidence that you're the owner. Now, owner is a broader term. It said one way you can satisfy that obligation is by putting a declaration saying you are the holder of the instrument or other debt. The statute said that. The statute said that. The statute said that specifically. 6124030 sub 7A says one is sufficient to allege you're the note holder to establish your ownership. In Bain, the Washington Supreme Court case. But here, there was such a declaration, but we also know they weren't the owner. Well, it depends what you mean by owner in that context, Your Honor. I think the person was making a decision. It does come out. I mean, they were not the, quote, investor in one locution. And it turned out possibly to matter because the, ultimately, Chase says the owner told us to do this. Well, first of all, that allegation appears nowhere in the complaint. Second of all, they did get a loan modification from Chase. And when they signed it, although too late, they acknowledged Chase was their lender. Second of all, at page 22 of their reply brief on the merits, they said the problem was Freddie Mac wouldn't give us a loan mod. So it didn't matter that Freddie Mac was the investor. Chase had the authority to modify the loan and did offer them a loan modification. Ultimately, what in the legislature ---- But your ultimate answer to that question is just directly in the statute. Absolutely. I think that the statute ---- Which doesn't exactly say that the holder is an owner. It says if you allege you're a holder, that's good enough to establish you're an owner, presumably, unless there's proof that you're not the owner. Well, I think that they're using the term owner as a synonym for holder in that context. Why else would they ---- But you just said they changed the statute. Well, they changed the statute to ---- Well, Mr. Stafford said they changed the statute. You said they changed the statute. Well, I said they amended the statute to add a beneficiary declaration requirement. Certainly, they did. And ultimately, you know, Bain speaks to this and talks about ---- But they didn't change the wording from owner to holder, from holder to owner. Well, not in the definition section, certainly. Everyone agrees a beneficiary is the entity with the right to foreclose. Beneficiary is defined as a note holder, full stop. Plaintiff never raised this holder-owner argument in response to the motion to dismiss. Didn't raise it in response to the motion for reconsideration. Didn't raise it in his motion for interlocutor review. Didn't raise it in his motion to vacate. He didn't raise this argument once. And does note holder mean the person in whose office this piece of paper is sitting? Well, it's a good question, Your Honor. Yes. Under UCC, yes. If the note's endorsed in blank and you possess it, you are the note holder. Remember, the deed of trust act secures more than negotiable instruments. It says holder of the instrument or other document. So, for example, in the Cox case, Cox v. Heleneus, the installment sales contract isn't a negotiable instrument, but it is a document secured by a deed of trust. In that instance, you can't be a holder of an installment sales contract. You are an owner of that contract. So the legislature recognized owner is a broader term and one way to make the lender have the right to foreclose. Was there, incidentally, a declaration by the beneficiary made under penalty of perjury stating that the beneficiary was the actual holder of the promissory note or other obligation? I believe there was a declaration that says, yes, that they are the actual holder or a person entitled to enforce under a person entitled to enforce the instrument, which is exactly what the Washington Supreme Court in Bain said is okay. If you look at page 104, it specifically looks to the UCC definition of who is entitled to enforce, and it says they look to the definition and they say, beneficiary must either actually possess the promissory note or be the payee. It goes on to say, for ownership purposes, this is page 111, you can establish ownership either by showing you actually hold the promissory note or by documenting the chain of transactions. Counsel, you have a very nervous co-counsel who's chomping at the bit. Thank you, Your Honor. You have about six and three-quarter minutes. Lance Olson on behalf of Northwest Trustee and the related trustee defendants. Can you restate your name for the record, please? Lance Olson. Mr. Olson, thank you. I'd like to correct one of the things that was said initially. There is no evidence in the record that the Mickelsons ever contacted the trustee during this foreclosure and were told to contact the lender. Back in 2008, a discontinued foreclosure, the declaration asserts there was a single phone call to the trustee after that sale had already been canceled, and she had questions about her loan and she was referred to Chase. I'm having trouble knowing who exactly is representing whom, so I may be asking the wrong person this question. But ultimately, a lot of the case turns on what has been waived and what hasn't been waived by not bringing a pre-foreclosure case, an injunction. Injunction. But some of the complaint is for damages. So how could that be waived? For damages for breach of contract, unconscionability, and criminal profiteering. So why aren't those issues alive? Because the statute says that they're waived if they're not brought. The statute is very restrictive on what claims can survive. Damages claims? Any claims. Every claim is waived except those that are preserved by the statute. Now, in the end, I don't think it ultimately makes much sense. I thought it said damages claims not waived. There are particular claims under the statute, under 127, that are preserved if a borrower does not move to and join the sale. But presumably, they're talking about things that would be affected by joining the sale. But if you have damages, how can you waive them? Well, if the statute says what it says, it says these claims are the ones that are preserved for the — and, Mr. Burns, I may want to address with respect to the statute. It says here, Damages for failure of the trustee to materially comply with the provisions of this chapter are not waived. That's correct. But that's not the criminal profiteering. Those aren't the claims that the honors were discussing. What's the chapter we're talking about? 61-24.127. So, again, there was no communication with the trustee during this time of the sale. And the other issue with respect to the notice of default, the original notice of default — I don't know. It reads much broader to me. It looks like the way it reads is once the sale has taken place and it wasn't enjoined, you can't seek a remedy that is going to upset title. In other words, create problems for the new owner, some new homeowner. That's correct. But damages, go ahead. That's pretty much how it reads. I mean, that's logical as well as statutory. That would usually be the case. Well, I'm not sure exactly what the question is that you're asking. Our argument is that — What I'm asking is everything this statute, in fact, waived or there are damages claims that's revived. There are always causes of action that a borrower can bring at any time that would fall potentially outside the deed of trust act. But that isn't what — this case was attempting to upset the sale and was asserting claims under the deed of trust act. Some of it was. Most of it was, but not all of it. Well, and the — Do you agree that the damages claims are not waived? I would rest on the statute and say that the statute reads as it does, that these claims that are not preserved are not waived. Go ahead. The original notice of default that was issued in this case was issued back in 2008. At that time, the law did not require that the owner be disclosed. There's no requirement that additional notices of default, if that default is never cured, be issued. So this argument about what was or wasn't in the notice of default, it was operating under a different law than what's been alleged by the plaintiff. Also, for the first time in the appellate argument, there was a legislative history argument made, and it was alluded to this morning. What was left out of that argument was that in 2013, House Bill 5191 proposed to change the definition of beneficiary to include owner, and that was rejected. So the legislature, if they wanted to require the beneficiary to be the holder and the owner, they certainly knew how to do that, and they could have done that, but they didn't. The statute says owner. No, the statute says the beneficiary is the holder. The only reference to owner in the statute, and the relevant part, is asking the trustee to have some evidence that the party in whose name you're foreclosing has an interest to foreclose. And in this particular case, there was a plethora of evidence. You had not only the declaration of the beneficiary, but you had an appointment assessor trustee that had been recorded that specifically said that Chase was the party that had the authority to foreclose. And I think it's not irrelevant that the evidence that has come out during the litigation has shown without question that Chase was the holder of the note, and therefore Chase was entitled to foreclose. The Washington Supreme Court addressed this issue in Bain and made it clear it is the holder of the note. In fact, in Bain, it said you do not need to be the owner to enforce a deed of trust. You must be the holder, and that's exactly what happened in this case. Chase was the holder. Chase foreclosed. The trustee had evidence that Chase was the holder, and that was the basis for it proceeding. And as we've gone through this litigation, all we've established is that the parties were right and that every step taken was exactly in accordance with the statute. The borrower had every notice and every opportunity to raise any concern prior to the sale and made none. It wasn't until five months after the sale that they first raised these issues, and then those issues have continued to evolve since the filing of the complaint. If you look now at the complaint versus the most recent brief, there's very little relationship between the two. It's let me file a lawsuit and figure out if I have a claim later. I'd like to reserve the rest of my time, or excuse me, pass the rest of my time to Ms. Steins. Thank you, counsel. Thank you. Erin Steins on behalf of Chicago Title Insurance Company. Chicago Title was the original trustee appointed originally to the subject deed of trust given by the Mickelsons when the Mickelsons originated their loan in 2005. But Chicago was terminated as trustee when the appointment of successor trustee was recorded in 2008. As a terminated trustee, Chicago took no action with regard to the foreclosure, and it's not alleged to have engaged in or caused the foreclosure process. Nonetheless, appellants maintain Chicago had a duty of good faith to investigate the appointment of successor trustee once recorded. Appellants argue that if Chicago had, in fact, investigated, it would have learned that the appointment was invalid, and it should have then stopped the sale. Chief Judge Peckman accurately ruled appellants propose an untenable and expansive duty of good faith of the trustee to a deed of trust. Her ruling is consistent with RCW 6124010. Subsection 4 does require a duty of good faith to a borrower, but once terminated under subsection 2, the duties to the original trustee are relieved. Thank you, counsel. Your time has expired. Thank you. We'll hear from Mr. Staffney. You have some reserved time. I'd like to explain why the deed of trust works. In Washington, you have to comply with certain requisites. That's established by Schroeder. Also, it's established by Cox. It's also mentioned in claim. The requisite provisions of the DTA, those which must be complied with before you can go the nonjudicial route, RCW 61.24, .010, .020, and .030. And if you can't meet those requisites, then you cannot bring a sale. So if this sale has not complied with any of those requisites, then it cannot be brought. Now, if you would be so kind at some point to look at ER 93, you will see that in 2010. I don't see why it matters that they couldn't sell if they already did sell, because you have to enjoin the sale. No, because if it's an invalid sale under Schroeder, the law doesn't even, if you don't meet the requisites, the law doesn't apply. I'm not saying if there are flaws in the sale, these people still own their house. But it looks to me like what the statute and the plain case say is the opposite. There are flaws in the sale, and it wasn't enjoined to any buyers on the house. Right, except Schroeder, which is more recent, and which was decided, I think it was on February 18th, held that if you do not comply with the requisites of the Duty of Trust Act, which are set forth in, as I said, and it uses the term O2O and O3O, and CLEM finds that there's a violation that voids the duty of trust, and you cannot go forward if you violate O1O4. But the point is if you don't meet those requisites, then you have not met conditions precedent to the invocation of the power of the state under the Constitution to take property without due process of law. Now, we believe that when they enacted the. . . I think what Schroeder said that says there isn't a waiver, that was about agricultural land. Yes, but that was one provision out of eight. Residential property. Well. . . So somebody buys your farm at a defective sale, they may not get to keep the farm. Somebody buys your house at a defective sale, you didn't enjoin, they get to keep the house. Sure. That's the way it looks. Well, except. . . In Schroeder. Well, Cox actually applied. . . When you look at O3O, you'll find that there are eight provisions in it. And if you violate. . . In the first part of this statute said. . . Which one is violated? Excuse me? Which one are we saying is violated? Well, it's undisputed that 8L is violated. We also contained. . . And that's the one that is the notice of trustee sale. And there was one that was sent out in 2010 after the statute was amended. And you can find a copy of it at the record 95 through 97. It does not identify the owner, and all it says is creditor. But we also, and as Judge Prezone has noted, they clearly never did identify the owner, but they're required to under O3O7. Now, the next part I wanted to get to address was agency. They. . . You'll note that an employee for Northwest trustee acting as an. . . So you're saying as to that last question, the statute says a declaration by the beneficiary made on purgatory, saying the beneficiary is the actual holder, shall be sufficient proof as required in these subsections. Why is that just positive? Okay, because there's two parts where beneficiary comes in. You have to go to 0102, and that's where you appoint a successor trustee. And in order to appoint a successor trustee, you have to be a beneficiary. So what is happening in Washington is just somebody comes in and says, I'm a beneficiary. And they give you, they pay the fee, and they give you something like this declaration that you've got before you. And then the trustee goes forward. And in this case, like, for example, they say that the Bain court said agency was okay. Well, Bain didn't say that, and Clem later rejected it. I mean, they have. . . I don't quite know what to do with that declaration, incidentally, because each place she says they asked me to fax something, I faxed it. But she says they asked me to fax something and gives a date, and then she doesn't give a date for when she faxed it. You know, I. . . The declaration speaks for itself. I guess. . . And on that note, Mr. Staffney, I think your time has expired. Okay. Thank you, Your Honor. Thank you very much. The case just argued will be submitted for decision.
judges: O'scannlain, Kleinfeld, Berzon